AO 245B (CASD) (Rev. 1/12) Judgment in a Criminal Case
Sheet 1

**FILED**
2012 OCT -3 AM 8:34
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| Van Thu Tran -2 | Case Number: 07-cr-01312-JAH-2 |
| | Martha McNab Hall |
| | Defendant's Attorney |

REGISTRATION NO. 03864298

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) One of the Indictment.
☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18:1962(d); 18:1963 & 982 | Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | 1 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) remaining _____ is ☐ are ☒ dismissed on the motion of the United States.
☒ Assessment: $100.00 waived.

☒ No fine     ☒ Forfeiture pursuant to order filed __2/4/11__, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

September 28, 2012
Date of Imposition of Sentence

_[signature]_
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

07-cr-01312-JAH-2

AO 245B (CASD) (Rev. 1/12)   Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __5__

DEFENDANT: Van Thu Tran -2
CASE NUMBER: 07-cr-01312-JAH-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Thirty-six months.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends the residential drug treatment program and that custody be served in a minimum security facility.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
☐ at _____ ☐ a.m. ☐ p.m. on _____
as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
☒ before November 30, 2012 @ 2:00 pm or to the USM if not designated.
☒ as notified by the United States Marshal.
☒ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

07-cr-01312-JAH-2

AO 245B (CASD) (Rev. 1/12) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __5__

DEFENDANT: Van Thu Tran -2
CASE NUMBER: 07-cr-01312-JAH-2

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
Three years.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- [x] The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

07-cr-01312-JAH-2

DEFENDANT: Van Thu Tran -2
CASE NUMBER: 07-cr-01312-JAH-2

# SPECIAL CONDITIONS OF SUPERVISION

- [x] Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.
- [ ] If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.
- [ ] Not transport, harbor, or assist undocumented aliens.
- [ ] Not associate with undocumented aliens or alien smugglers.
- [ ] Not reenter the United States illegally.
- [ ] Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.
- [ ] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.
- [x] Not engage in any employment or profession involving casino gaming.
- [x] Not enter any gambling establishment and not engage in any form of gambling.
- [x] Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.
- [ ] Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.
- [x] Provide complete disclosure of personal and business financial records to the probation officer as requested.
- [x] Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.
- [ ] Seek and maintain full time employment and/or schooling or a combination of both.
- [ ] Resolve all outstanding warrants within _____ days.
- [ ] Complete _____ hours of community service in a program approved by the probation officer within
- [ ] Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of
- [ ] Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

AO 245S  Judgment in Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 5

DEFENDANT: Van Thu Tran
CASE NUMBER: 07-cr-01312-JAH-2

# RESTITUTION

The defendant shall pay restitution in the amount of ___$5,718,216___ unto the United States of America.

    This sum shall be paid ____ immediately.
                                  __x__ as follows:

Pay restitution in the amount of $5,718,216 (jointly and severally) through the Clerk, U.S. District Court, to the victims in the amounts specified (see attachment), payable forthwith or through the Inmate Financial Responsibility Program during the period of incarceration at the rate of $25 per quarter, with the payment of any remaining balance to be made following the defendant's release from prison at the rate of at least $500 per month. Distribution of restitution to the victims to be on a pro rata basis.

The Court has determined that the defendant __does not__ have the ability to pay interest. It is ordered that:

__x__ The interest requirement is waived.

____ The interest is modified as follows:

07-cr-01312-JAH-2

**RESTITUTION CHART FOR VAN THU TRAN**
**CASE NO. 07-CR-1312-JAH**

The Court orders defendant VAN THU TRAN pay total restitution in Case No. 07-CR-1312-JAH of $5,753,416 to the following victims in the amounts specified, joint and several as specified:

<u>Sycuan Resort and Casino</u>

$2,965 to Sycuan Resort and Casino, 3007 Dehesa Road, El Cajon, CA 92019, joint and several with defendant Phuong Quoc Truong.

<u>Cache Creek Indian Bingo and Casino</u>

$297,173 to Cache Creek Indian Bingo and Casino, P.O. Box 65, Brooks, CA 95606, joint and several with:

| <u>Defendant</u> | <u>Amount</u> | <u>Case No.</u> | <u>Judgment</u> |
|---|---|---|---|
| Phuong Quoc Truong | $297,173 | 07-CR-1312-JAH<br>08-CR-0746-JAH | DE 703<br>DE 38 |
| George Michael Lee | $117,488 | 07-CR-1312-JAH<br>07-CR-3241-JAH<br>07-CR-3255-JAH | DE 651<br>DE 15<br>DE 14 |
| Son Hong Johnson | $297,173 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Han Truong Nguyen | $297,173 | 07-CR-1312-JAH | DE 366 |
| Dan Thich | $177,223 | 09-CR-4116-JLS | DE 21 |

Page 1 of 11                                                        **EXHIBIT 8**

## Emerald Queen Casino

$251,634 to Emerald Queen Casino, 2024 East 29th Street, Tacoma, Washington 98404, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $251,634 | 07-CR-1312-JAH<br>08-CR-0746-JAH | DE 782<br>DE 38 |
| Martin Lee Aronson | $251,634 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| Son Hong Johnson | $251,634 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Hogan Ho | $ 29,000 | 08-CR-3040-JLS | DE 310 |
| Outtama Keovongsa | $  8,500 | 08-CR-3040-JLS | DE 295 |
| Leap Kong | $ 20,700 | 08-CR-3040-JLS | DE 263 |
| Darrell Saicocie | $ 26,900 | 08-CR-3040-JLS | DE 307 |
| Phally Ly | $  8,750 | 08-CR-3143-DMS | DE 28 |
| Sisouvanh Mounlasy | $ 28,000 | 08-CR-2519-JM | DE 46 |
| Navin Nith | $ 29,350 | 08-CR-2958-WQH | DE 30 |
| Roderick Vang Thor | $ 27,500 | 08-CR-2643-JAH | DE 23 |

### Isle of Capri, Westlake

$813,603 to Isle of Capri, 100 Westlake Avenue, Westlake, LA 70669, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $813,603 | 07-CR-1312-JAH<br>08-CR-0746-JAH | DE 703<br>DE 38 |
| Martin Lee Aronson | $813,603 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| George Michael Lee | $813,603 | 07-CR-1312-JAH<br>07-CR-3241-JAH<br>07-CR-3255-JAH | DE 651<br>DE 15<br>DE 14 |
| Tien Duc Vu | $101,160 | 07-CR-1312-JAH<br>08-CR-2069-JAH | DE 660<br>DE 17 |
| Son Hong Johnson | $813,603 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Tuan Mong Le | $ 81,160 | 07-CR-1312-JAH | DE 440 |
| Hogan Ho | $108,510 | 08-CR-3040-JLS | DE 310 |
| Thang Viet Huynh | $114,775 | 09-CR-2690-JLS | DE 20 |
| Hop Nguyen | $ 64,488 | 09-CR-0228-WQH | DE 27 |
| Nedra Fay Landry | $ 68,835 | 09-CR-3265-JAH | DE 153 |
| Connie Marie Holmes | $ 26,000 | 09-CR-3265-JAH | DE 166 |

## Isle of Capri, Bossier City

$255,550 to Isle of Capri, 711 Isle of Capri Blvd., Bossier City, LA 71111, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $255,550 | 07-CR-1312-JAH<br>08-CR-0746-JAH | DE 703<br>DE 38 |
| Martin Lee Aronson | $255,550 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| George Michael Lee | $255,550 | 07-CR-1312-JAH<br>07-CR-3241-JAH<br>07-CR-3255-JAH | DE 651<br>DE 15<br>DE 14 |
| Tien Duc Vu | $ 19,625 | 07-CR-1312-JAH<br>08-CR-2069-JAH | DE 660<br>DE 17 |
| Son Hong Johnson | $255,550 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Tuan Mong Le | $203,375 | 07-CR-1312-JAH | DE 440 |
| Qua Le | $ 40,700 | 08-CR-3040-JLS | DE 273 |
| Hop Nguyen | $ 47,750 | 09-CR-0228-WQH | DE 27 |

## Monte Carlo Resort and Casino

$24,225 to Monte Carlo Resort and Casino, 2770 Las Vegas Blvd. South, Las Vegas, NV 89109, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $24,225 | 07-CR-1312-JAH<br>08-CR-0746-JAH | DE 703<br>DE 38 |
| Martin Lee Aronson | $24,225 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| George Michael Lee | $24,225 | 07-CR-1312-JAH<br>07-CR-3241-JAH<br>07-CR-3255-JAH | DE 651<br>DE 15<br>DE 14 |
| Son Hong Johnson | $24,225 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Thang Viet Huynh | $24,225 | 09-CR-2690-JLS | DE 20 |

## Beau Rivage Casino

$304,536 to Beau Rivage Casino, 875 Beach Blvd., Biloxi, MS 39530, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $304,536 | 07-CR-1312-JAH<br>08-CR-0746-JAH | DE 703<br>DE 38 |
| Phat Ngoc Tran | $ 66,000 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $304,536 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| George Michael Lee | $304,536 | 07-CR-1312-JAH<br>07-CR-3241-JAH<br>07-CR-3255-JAH | DE 651<br>DE 15<br>DE 14 |
| Tien Duc Vu | $ 66,000 | 07-CR-1312-JAH<br>08-CR-2069-JAH | DE 660<br>DE 17 |
| Son Hong Johnson | $$304,536 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Willy Tran | $ 56,100 | 07-CR-1312-JAH | DE 475 |
| Tuan Mong Le | $304,536 | 07-CR-1312-JAH | DE 440 |
| Thang Viet Huynh | $ 44,870 | 09-CR-2690-JLS | DE 20 |
| Hop Nguyen | $ 21,000 | 09-CR-0228-WQH | DE 27 |
| Eric Isbell | $ 66,000 | 09-CR-3799-JAH | DE 22 |
| Jason Cavin | $ 66,000 | 09-CR-3265-JAH | DE 171 |

## Mohegan Sun Casino

$540,125 to Mohegan Sun Casino, 1 Mohegan Sun Blvd., Uncasville, CT 06382, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $540,125 | 07-CR-1312-JAH<br>08-CR-0746-JAH | DE 703<br>DE 38 |
| Phat Ngoc Tran | $540,125 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $540,125 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| Liem Thanh Lam | $104,425 | 07-CR-1312-JAH | DE 439 |
| Tien Duc Vu | $379,225 | 07-CR-1312-JAH<br>08-CR-2069-JAH | DE 660<br>DE 17 |
| Son Hong Johnson | $540,125 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Willy Tran | $514,400 | 07-CR-1312-JAH | DE 475 |
| Tuan Mong Le | $540,125 | 07-CR-1312-JAH | DE 440 |
| Duc Cong Nguyen | $422,600 | 07-CR-1312-JAH | DE 624 |
| Han Truong Nguyen | $515,500 | 07-CR-1312-JAH | DE 366 |
| Jesus Rodriguez | $126,600 | 09-CR-299-MRK<br>CT-D | DE 24 |
| Geraldo Montaz | $ 28,200 | 09-CR-3265-JAH | DE 195 |

## Foxwoods Resort Casino

$945,530 to Foxwoods Resort Casino, 39 Norwich-Westerly Road, Ledyard, CT 06339, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $945,530 | 07-CR-1312-JAH<br>08-CR-0746-JAH | DE 703<br>DE 38 |
| Phat Ngoc Tran | $945,530 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $540,125 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| Tien Duc Vu | $906,005 | 07-CR-1312-JAH<br>08-CR-2069-JAH | DE 660<br>DE 17 |
| Son Hong Johnson | $945,530 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Barry Wellford | $945,530 | 07-CR-1312-JAH | DE 746 |
| Willy Tran | $945,530 | 07-CR-1312-JAH | DE 475 |
| Tuan Mong Le | $945,530 | 07-CR-1312-JAH | DE 440 |
| Duc Cong Nguyen | $522,455 | 07-CR-1312-JAH | DE 624 |

## Resorts East Chicago Casino

$1,052,475[1] to Resorts East Chicago Casino, East Chicago, IN, c/o Nicolas R. Amato, Resorts International Holdings, Atlantic City Hilton Hotel and Casino, Boston and Boardwalk, Atlantic City, NJ 08401, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $1,052,475 | 07-CR-1312-JAH<br>08-CR-0746-JAH | DE 703<br>DE 38 |
| Phat Ngoc Tran | $1,052,475 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $1,052,475 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| Son Hong Johnson | $1,052,475 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Willy Tran | $1,052,475 | 07-CR-1312-JAH | DE 475 |
| Thang Viet Huynh | $ 77,854 | 09-CR-2690-JLS | DE 20 |
| Mike Waseleski | $526,237.75 | 09-CR-3285-JAH | DE 206 |

---

[1] The government's spreadsheet of restitution amounts due to victim casinos, calculates the loss to Resorts East at $1,563,775. Resorts East was reimbursed $511,300 by Federal Insurance. $1,563,775 - $511,300 = $1,052,475, the figure used. Resorts East Casino claimed a loss of $1,603,367, which is $39,592 more than the government's figure. Since Federal Insurance paid Resorts East for approximately 33% of the loss, restitution is split 67% to Resorts East and 33% to Federal Insurance. Thang Viet Huynh cashed out $116,200 at Resorts East. $116,200 X 67% = $77,854 in restitution to the casino and $38,346 to Federal Insurance. Although a CTR-C shows Han Truong Nguyen was at Resorts East, the casino is not listed as a victim for Restitution in his Judgment (DE 366), however Federal Insurance is listed for $808,300.

### Federal Insurance Co.

$511,300 to Federal Insurance Co., Mark Ross Esq., 600 Jefferson Street, Ste. 512, Lafayette, LA 70501, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $511,300 | 07-CR-1312-JAH<br>08-CR-0746-JAH | DE 703<br>DE 38 |
| Phat Ngoc Tran | $511,300 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $511,300 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| Son Hong Johnson | $511,300 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Willy Tran | $511,300 | 07-CR-1312-JAH | DE 475 |
| Han Truong Nguyen | $511,300 | 07-CR-1312-JAH | DE 366 |
| Thang Viet Huynh | $ 38,346 | 09-CR-2690-JLS | DE 20 |
| Mike Waseleski | $526,237.75 | 09-CR-3285-JAH | DE 206 |

### Majestic Star Casino

$273,075 to Majestic Star Casino, 1 Buffington Harbor Drive, Gary, Indiana 46406, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $273,075 | 07-CR-1312-JAH<br>08-CR-0746-JAH | DE 703<br>DE 38 |
| Phat Ngoc Tran | $273,075 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $273,075 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| Son Hong Johnson | $273,075 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Willy Tran | $192,775 | 07-CR-1312-JAH | DE 475 |

## Horseshoe Casino

$429,825 to Horseshoe Casino,[2] Attn: John Taylor, 1021 Casino Center Drive, Robinsonville, MS 38664, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $429,825 | 07-CR-1312-JAH<br>08-CR-0746-JAH | DE 703<br>DE 38 |
| Phat Ngoc Tran | $429,825 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $429,825 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| Liem Thanh Lam | $ 99,000 | 07-CR-1312-JAH | DE 439 |
| Son Hong Johnson | $429,835 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Barry Wellford | $268,625 | 07-CR-1312-JAH | DE 746 |
| Willy Tran | $429,835 | 07-CR-1312-JAH | DE 475 |
| Tuan Mong Le | $239,800 | 07-CR-1312-JAH | DE 440 |
| Han Truong Nguyen | $ 99,000 | 07-CR-1312-JAH | DE 366 |
| Renee Cuc Quang | $ 80,000 | 08-CR-3041-JAH | DE 21 |
| Brandon Landry | $  6,700 | 09-CR-3265-JAH | DE 94 |

---

[2] Combines both Horseshoe Casinos in Bossier City and Tunica.

## Gold Strike Casino and Resort

$51,400 to Gold Strike Casino and Resort, 1010 Casino Center Drive, Robinsonville, MS 38664, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phuong Quoc Truong | $51,400 | 07-CR-1312-JAH<br>08-CR-0746-JAH | DE 703<br>DE 38 |
| Phat Ngoc Tran | $51,400 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $51,400 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| Liem Thanh Lam | $51,400 | 07-CR-1312-JAH | DE 439 |
| Son Hong Johnson | $51,400 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Barry Wellford | $51,400 | 07-CR-1312-JAH | DE 746 |
| Willy Tran | $51,400 | 07-CR-1312-JAH | DE 475 |
| Renee Cuc Quang | $51,400 | 08-CR-3041-JAH | DE 21 |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07cr1312-JAH |
| Plaintiff, | |
| v. | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| VAN THU TRAN (2), | |
| Defendant. | |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of the above-named Defendant, VAN THU TRAN (2) ("Defendant"), which are properties constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, and/or that such properties afforded the defendant a source of influence over the Tran Organization during the course of the conspiracy to which she has pled guilty, which properties are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2), (3) and Title 21, United States Code, Section 853(p), Forfeiture of substitute property; and

WHEREAS, on or about January 14, 2011, Defendant pled guilty to Count One of the Indictment, which plea included a consent to the forfeiture allegation pursuant to Title 18 as set forth in Count One of the Indictment; and

//

1  WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of said properties, pursuant to Title 18, United States Code, Section 1963(a)(2), (3) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b)(3), the United States having requested the authority to take custody of the following properties which were found forfeitable by the Court, namely:

1. Bank of America account number 01664-02168, held in the name of Van Thu Tran.

2. Bank of America account number 09177-02418, held in the name of Van Thu Tran.

3. Bank of America account number 01666-07545, held in the name of Bay T. Nguyen in Trust for Van Thu Tran.

4. Bank of America account number 01665-07540, held in the name of Bay T. Nguyen in Trust for Van Thu Tran.

5. Bank of America account number 01662-07792, held in the name of Bay T. Nguyen in Trust for Van Thu Tran.

6. Approximately $1,899.09 in U.S. currency.

7. The following items of jewelry: (a) 1 men's Longines "La Grande Classique" watch with black strap and diamond bezel, model #L4-741-0 (appraised value: $520); (b) 1 women's 18 carat white gold diamond ring, center stone approximately 4 carat round brilliant cut diamond (appraised value $38,625); (c) 1-18 carat white gold diamond tennis bracelet, 38 round cut, average size 3.7 mm, total weight approximately 7.5 carats (appraised value: $4,200); (d) 1 pair 14 carat white gold diamond earrings (appraised value: $12,700); (e) 1-18 carat white gold ladies President Rolex watch, model #179179 (appraised value: $12,100); (f) 1 ladies stainless steel Rolex watch with diamond dial and diamond bezel, model #79240 (appraised value: $3,500), seized from safety deposit box #56, located at Bank of America branch #166, located at 4166 El Cajon Boulevard, San Diego, California, in the name of Bay T./Vayt Nguyen, and accessible to Van Thu Tran; and

//
//
//
//
//

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant VAN THU TRAN (2) in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    1. Bank of America account number 01664-02168, held in the name of Van Thu Tran.

    2. Bank of America account number 09177-02418, held in the name of Van Thu Tran.

    3. Bank of America account number 01666-07545, held in the name of Bay T. Nguyen in Trust for Van Thu Tran.

    4. Bank of America account number 01665-07540, held in the name of Bay T. Nguyen in Trust for Van Thu Tran.

    5. Bank of America account number 01662-07792, held in the name of Bay T. Nguyen in Trust for Van Thu Tran.

    6. Approximately $1,899.09 in U.S. currency.

    7. The following items of jewelry: (a) 1 men's Longines "La Grande Classique" watch with black strap and diamond bezel, model #L4-741-0 (appraised value: $520); (b) 1 women's 18 carat white gold diamond ring, center stone approximately 4 carat round brilliant cut diamond (appraised value $38,625); (c) 1-18 carat white gold diamond tennis bracelet, 38 round cut, average size 3.7 mm, total weight approximately 7.5 carats (appraised value: $4,200); (d) 1 pair 14 carat white gold diamond earrings (appraised value: $12,700); (e) 1-18 carat white gold ladies President Rolex watch, model #179179 (appraised value: $12,100); (f) 1 ladies stainless steel Rolex watch with diamond dial and diamond bezel, model #79240 (appraised value: $3,500), seized from safety deposit box #56, located at Bank of America branch #166, located at 4166 El Cajon Boulevard, San Diego, California, in the name of Bay T./Vayt Nguyen, and accessible to Van Thu Tran.

2. The aforementioned forfeited assets are to be held or restrained by the United States Marshals Service in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

//

4.     Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(3), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the Marshals Service's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.     This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6.     The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the identified assets that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7.     Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

8.     This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the judgment.

9.     Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: February 4, 2011

_____
JOHN A. HOUSTON
United States District Court